UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Clinton "Pete" Stroklund and Rebecca "Becky" Stroklund, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Thompson/Center Arms Company, Inc., PowerBelt Bullet Co., Clean Shot Technologies, Inc., | ) ) ) ) ) |
| Defendants. | ) |

Case No. 4:06cv8

**MEMORANDUM AND ORDER**

Before the court is plaintiff Clinton "Pete" and Rebecca "Becky" Stroklund's ("Stroklund") motion to compel Rule 26(a)(1) disclosures by Thompson/Center Arms Company, Inc. ("Thompson/Center"). Plaintiffs seek an order "requiring Thompson/Center to disclose all documents as described in counsel's May 2, 2006 letter." Thompson/Center responded, stating: "If plaintiffs' counsel feels that certain documents may be in the possession of a defendant and such documents are relevant to the issues raised in the Complaint, then the proper vehicle to seek disclosure is a Request for Production pursuant to Rule 34, and not a frivolous motion to compel supplemental Rule 26(a)(1) disclosures."

Rule 26(a)(1) requires disclosure of "documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Thompson/Center argues the 2000 amendment to the rule narrowed the disclosure requirements. Thompson/Center points to the Advisory Committee Notes to support this position: "A party is no longer obligated to

1

disclose witnesses or documents, whether favorable or unfavorable, <u>that it does not intend to use</u>." (Emphasis added). Thus, Thompson/Center takes the position that "it is not in possession of any documents that it <u>currently intends to use</u> at trial to support its 'claims and defenses.'" (Emphasis added). Thompson/Center acknowledges its obligation to supplement its disclosure "as discovery progresses and plaintiffs' claims are developed."

Thompson/Center's interpretation of Rule 26(a)(1) is technically correct. Therefore, plaintiffs' Motion to Compel Rule 26(a)(1) Disclosures (Doc. #17) must be **DENIED**. However, the court does not view plaintiffs' motion as frivolous. In accordance with its usual practice, the court encourages counsel to produce relevant information without requiring a formal discovery request, in order to reduce costs and promote settlement. Thompson/Center's refusal to do so is discouraging.

Given Thompson/Center's position, the court will allow plaintiffs' request for additional interrogatories. Each party will be allowed to serve 50 interrogatories on each of the other parties.

Dated this 7th day of July, 2006.

Karen K. Klein
United States Magistrate Judge